JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LY THANH LONG,

               Petitioner,

        v.

FERETI SEMAIA, et al.,

               Respondents.

NO. CV 26-2560-AS

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On May 7, 2026, in United States District Court for the Central District of California case no. 26-2485-SSS(E) ("Ly"), Long Thanh Ly ("Petitioner"), an immigration detainee proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his immigration detention and seeking, among other things, his immediate release from custody.  (Ly Docket ("Dkt.") No. 1).

On May 13, 2026, Petitioner,[1] proceeding through counsel, filed in this Court a Section 2241 Petition that also challenges his immigration

---

[1]  In this Court, Petitioner has identified himself as Ly Thanh Long rather than Long Thanh Ly.  (Petition at 1).

detention and seeks his immediate release from custody.  (Dkt. No. 1). The parties have consented to proceed before the undersigned Magistrate Judge in this matter.  (Dkt. Nos. 3, 6).

On May 20, 2026, Respondents filed a Response to the Ly Petition stating they "are not presenting an opposition argument at this time." (Ly Dkt. No. 8).  They also filed a Response in this matter arguing this action should be dismissed under the first-to-file rule.  (Dkt. No. 8).

On May 26, 2026, Petitioner – now acting through counsel – filed a Reply in Ly.  (Ly Dkt. No. 9).  On May 27, 2026, Petitioner filed a Reply in this matter.  (Dkt. No. 9).

On June 3, 2026, the Magistrate Judge in Ly issued a Report and Recommendation recommending, "[b]ased on the facts alleged in the Petition, and in view of Respondents' failure to oppose the Petition, . . . that Judgment be entered ordering Respondents to release Petitioner . . . from detention immediately, subject to the previous conditions of supervision."  (Ly Dkt. No. 11).

A "litigant has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  MHC Fin. Ltd. P'ship v. City of San Rafael, 714 F.3d 1118, 1133 (9th Cir. 2013).  Accordingly, a "district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both

actions." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007), overruled in part on other grounds, Taylor v. Sturgell, 553 U.S. 880 (2008); see also M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (A "district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."). Here, given the Report and Recommendation filed in Ly, and Respondents' lack of opposition in that matter, the Court concludes that this action should be dismissed without prejudice as duplicative of Ly. See, e.g., Barrios Pena v. Warden of the Golden State Annex Det. Facility, 2026 WL 1257683, *1-2 (E.D. Cal. 2026) (dismissing a petition seeking the petitioner's immediate release from immigration custody as duplicative when petitioner had already been granted that relief in another case); Mikhail v. Warden of Golden State Annex, 2026 WL 165392, *1 (E.D. Cal. 2026) ("[T]he instant petition [filed by an immigration detainee] is subject to dismissal because it is identical to a previously filed § 2241 petition . . . [already] pending before the Court.").

**ORDER**

Therefore, it is ORDERED that this action is dismissed without prejudice.

DATED: June 3, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

3